```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SILVIA DINA FERNANDEZ and
LUIS ALBERTO PEREZ MOLET,

                Plaintiffs,

          - v. -

REPUBLIC OF ARGENTINA,

                Defendant.
------------------------------------------------------------------x

07 CV 7351 (TPG)

**ORDER AND OPINION**

    Plaintiff Silvia Dina Fernandez and plaintiff Luis Alberto Perez Molet are the beneficial owners of certain bond indebtedness issued by defendant the Republic of Argentina (the "Republic"). The Republic defaulted on such indebtedness in December 2001 during a profound fiscal crisis. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment.

    The motion is granted.

### FACTS

    The bond indebtedness at issue is governed by one of three agreements: (1) a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), (2) a Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA"), or (3) a Floating Rate and Bond Exchange Agreement dated December 6, 1992 (the "FRB Agreement"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in Lightwater Corporation Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA, Section 20 of the 1993 FAA, and Section 6.07 of the FRB Agreement state that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. All three agreements provide that the Republic's obligations on the

bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately . . . .

On December 24, 2001 the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at 2; Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206, at 1 (S.D.N.Y. Apr. 29, 2003). On July 16, 2007, plaintiff Silvia Dina Fernandez and plaintiff Luis Alberto Perez Molet sent notices to the Fiscal Agent of the Republic of Argentina declaring the principal amounts of the debt securities governed by the 1994 FAA and 1993 FAA held by plaintiffs to be immediately due and payable.

The bonds that are the subject of this action are listed hereafter. Also listed are the amounts of the beneficial interests owned by plaintiffs.[1]

The following tables contain the necessary identifying information regarding plaintiffs' beneficial interest in bonds.

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in Million Air Corp. v. Republic of Argentina, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

2

## INFORMATION TABLES

The bonds that are the subject of this action are listed hereafter. Also listed are the amounts of the beneficial interests owned by plaintiffs:

## TABLE 1

| | |
|---|---|
| Plaintiff Beneficial Owner: | Silvia Dina Fernandez and Luis Alberto Perez Molet |
| Face Value: | USD $678,000.00 |
| Number: | US040114GF14 |
| Date of Issuance: | 2001 |
| Date of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 2001-2004 (7%) and 2004-2008 (15.5%) |
| Date of Purchase: | 2001 |
| Acceleration: | July 16, 2007 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Declarations of plaintiffs as to proof of Ownership dated November 30, 2007; Notice of Acceleration with proof of mailing dated July 16, 2007; Custody Letter issued by Caja de Valores dated December 18, 2008, Custody Letter issued by Caja de Valores dated June 1, 2007, Custody Letter issued by Caja de Valores dated October 20, 2005; Account Statements from Alvarez y Cia dated May 30, 2007. |

3

## TABLE 2

| Plaintiff Beneficial Owner: | Silvia Dina Fernandez and Luis Alberto Perez Molet |
|---|---|
| Face Value: | USD $185,502.00 |
| Number: | US040114GG96 |
| Date of Issuance: | 2001 |
| Date of Maturity: | June 19, 2018 |
| Interest Rate/Payable: | 12.25 % |
| Date of Purchase: | 2001 |
| Acceleration: | July 16, 1007 |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA dated October 19, 1994 |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Declaration of plaintiffs as to proof of Ownership dated November 30, 2007; Notice of Acceleration with proof of mailing dated July 16, 2007; Custody Letter issued by Caja de Valores dated December 18, 2008, Custody Letter issued by Caja de Valores dated June 1, 2007; Custody Letter issued by Caja de Valores dated October 20, 2005; Account Statements from Alvarez y Cia dated May 30, 2007 |

## DISCUSSION

This Court has already granted summary judgment in other cases similar to plaintiffs' action seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA, the 1993 FAA and the FRB Agreement. This has occurred in Lightwater, supra, Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005), Meridian Investment and Business Corporation v. Republic of Argentina No. 05 Civ 5187. Only certain specific issues need to be discussed in connection with the present motion.

4

Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before they may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, plaintiffs Fernandez and Perez Molet have adequately demonstrated through their account statements that they owned their beneficial interest as of December 17, 2008. There is no evidence of a change of ownership thereafter.

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the 1994 FAA plus accrued interest.

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment. If the parties are able to reach agreement, they shall jointly submit an agreed proposed judgment to the Court to be entered on a date agreed to by the parties upon consultation with Chambers. If the parties are unable to reach agreement on those subjects, plaintiffs shall submit a proposed judgment to the Court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The Court will then resolve any remaining disagreements. Proposed judgments submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiffs must refrain from selling or

5

otherwise transferring their beneficial interest in the bonds involved in this action without advising the Court in advance and obtaining permission of the Court."

SO ORDERED.

Dated: New York, New York
~~July , 2009~~
Aug. 4, 2009

_____
THOMAS P. GRIESA
U.S.D.J.

6